```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                    Case No. 08-cr-161-01-SM

<u>Alan Houghton</u>

## **O R D E R**

The defendant, Alan Houghton, moves for a sentence reduction based upon the cocaine base ("crack cocaine") amendments to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (doc. no. 62).  For the reasons stated below, the defendant's motion to reduce sentence is DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010). On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u). Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1. Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1. On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On June 10, 2009, the defendant pled guilty to one (1) count of Distribution of a Controlled Substance - Cocaine, in violation of 21 U.S.C. § 841 (a), three (3) counts of Distribution of a Controlled Substance - Cocaine Base (Crack), in violation of 21 U.S.C. § 841 (a), and one (1) count of Conspiracy to Distribute a Controlled Substance (cocaine base "crack" in a quantity greater than fifty (50) grams), in violation of 21 U.S.C. §§ 841 (a) and 846.  Although the guideline sentencing range was below the statutory minimum mandatory penalty, the defendant was subject to a ten (10) year mandatory minimum sentence and the court imposed a sentence of 120 months imprisonment and five years of supervised release consistent with a binding sentencing agreement.

On this record, the defendant is plainly not entitled to a sentence reduction based on a retroactive application of the 2010 Fair Sentencing Act amendment (Amendments 750, Parts A and C). The statutory mandatory minimum sentence of ten (10) years still sets the applicable Guideline Sentencing Range in the defendant's

case. The retroactive guideline amendment did not lower that range — it was 120 months when defendant was sentenced and it remains at 120 months now (because the Fair Sentencing Act's provisions are not retroactive). See, e.g., United States v. Curet, ___ F.3d ___, 2012 WL 75392 (1st Cir. January 11, 2012). Because the defendant was sentenced pursuant to the statutory minimum mandatory ten (10) year penalty provision, and the retroactive crack base guideline amendment has no application to the statutory provision for which he was sentenced, the amendment has no impact on his sentence.

The retroactive amendment, by its terms, does not apply to defendant. Because "the guideline range applicable to . . . defendant" has not been "lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)," U.S.S.G. § 1B1.10(a)(1), defendant is not entitled to sentence relief. See also U.S.S.G. § 1B1.10(a)(2)(B). Application Note 1(A) to Section 1B1.10 confirms that conclusion: "Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . [if the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."

Because the defendant's guideline range was not lowered by the retroactive amendment due to application of a statutory mandatory minimum term of imprisonment, he is not eligible for a reduction of his sentence. Defendant's motion to reduce sentence (doc. no. 62) is DENIED.

**SO ORDERED.**

Date: March 12, 2012  /s/ Steven J. McAuliffe
_____
Steven J. McAuliffe
United States District Judge

cc: Alan Houghton, pro se